Pyramid Center. Thank you very much for listening to this matter today, your honors. Your honors have read this, read the briefs, I'm sure, and understand the issues quite well. Nevertheless, I'd like to at least reiterate and focus. I need to stop you for one second. We have a, oh, it's gone. Okay, there was a banner on the screen there from Zoom. It's gone away, so please go ahead. Yes, yes, I removed that. Thank you. So, there are three main contentions here on appeal to show that the Bankruptcy Court erred as a matter of law. I went through in the opening brief at length about the Bankruptcy Court's focus on particular language in the California Civil Code 3439, and the court there, and I believe this was absolutely an error, which was the court focused on some So, to back up for a moment, we're talking about when the statute of limitations commences for the purpose of a fraudulent transfer action, and we really are talking about California law, although it's obviously incorporated in by 544 into the Bankruptcy Code and into the bankruptcy context, but for the purpose of the statute of limitations, we are looking at the California authorities and the California law, and the section 3439 speaks about the commencement of the statute of limitations. It talks about that commencement being when the transfer, the fraudulent transfer was actually made. That makes sense. We all understand that when a piece of property is being transferred, something's transferred. That is the operative date as to when the statute starts to run, but the court in this particular case also focused on, and this is a little bit, it was the morning of trial, focused on this language in that statute that also says when the transfer was made or the obligation was incurred. I don't know that there's a lot of debate on this particular issue, but that obligation that's being talked to is similar to a fraudulent transfer itself. It's a fraudulent obligation, and so when, generally speaking, fraudulent transfer actions involve transfers, but they can also involve obligations where somebody commits to a deed or a mortgage or an agreement, even though there's no real intent there. They enter into an agreement. I think that comments have talked about the obligation being something other than a transfer like signing a guarantee as an obligation. I understand that, but the judge here, bankruptcy court judge, even if she had mistakenly relied on the obligation incurred language of the California statute, she also relied on the Cortez case, and even if she was wrong that the statute, relying on some portion of the statute, she might have been wrong there. How was she wrong in relying on Cortez? Fair enough, Your Honor, and I appreciate you making that point more quickly. Cortez, for a variety of reasons, but we'll start out with Cortez just simply doesn't support the facts of this case. Cortez involves a matter where there was a creditor that was suing the debtor for the purpose of getting to a judgment. After that lawsuit was filed, after that lawsuit was commenced, there was a transfer, and that is the case with all the actions, with the underlying notions of all the actions, all the authorities, and there are not really that many on this issue. But this really goes back to the Adams case, and that's where Cortez relies upon is the California Supreme Court's decision in Adams, but the fact pattern is the same there, which is there's a lawsuit, and then there's a transfer, and in those instances, and I think it's pretty important as well to point out at this point that during, you know, the court in Cortez is looking back and saying, okay, what was the law before, before the uniform action, before the uniform fraudulent transfer statutes were passed? And at that time, there were a couple of different distinctions that are no longer present. At that time, you needed to be a creditor to make a determination as to essentially whether you're a creditor, and after that lawsuit's commenced, a fraudulent transfer is made. And the courts there say, look, we're going to, and it's also interesting in terms of using the language told. I do think it's a tolling, and I think that that language is expressly used, but what the courts say is we're not going to have that statute commence until there's a determination that the actual debt exists, okay? And there's a vast distinction here on two accounts. First of all, at Barr, the fraudulent transfer was made prior to DCA being a creditor, prior to a lawsuit being issued, which is, well, when does the tolling commence if a transfer is made prior to the actual lawsuit that's at issue? So, to answer your question. Okay, in the situation Cortez talks about, Cortez talked about its ruling in a couple different places, and in some places, it talks about when there's a lawsuit pending. Other places, it doesn't have that situation. Here, the lawsuit wasn't pending at the time of the transfer, but there were other California courts, wasn't it the Macedo case where they said it doesn't matter if the fraudulent transfer occurs during the pendency of the lawsuit? Your Honor, I don't believe that that was the case that Macedo says, and I also believe in Macedo, once again, and that goes back to Cortez as well, which is the facts before the court were that the transfer was made after the lawsuit, and I think it's fundamental really, because if we look at those authorities, first of all, let's look at 3439 where we have a California legislator, specifically a state when the statute of limitations commences, and then we start looking at cases from prior to the- Can I interrupt you for one second? I could be wrong about this, so feel free to correct me, but doesn't the UVTA also say that certain kinds of transfers are fraudulent as to present or future creditors? It does. Okay, so help me out with that part. Yeah, well, so that's an important distinction, and so in the case of Barr, there was no need to become a creditor for the purpose of filing, right? Doesn't it also suggest that once the transfer has occurred, one can become a creditor thereafter and still have a cause of action, right? So you don't have to have filed your case before the bad act, right? So I think it more than suggests that, Your Honor. I think it specifically allows it, but that does not impact the statute of limitations. So nobody is saying here that the cause of action, that there was not a cause of action. What we're talking about is whether or not that cause of action had expired, right? That's what we're talking about, when the statute commenced and when it expired. Yes, that is a distinction, and that, I don't want to call it a gift, but that was a change that the legislator made, and I think actually, to be fair as well, the legislator extended the statute of limitations. It seems to me that some of those very early cases which were actually brought under the fraud statute were one-year statutes of limitations. But what I'm trying to get at is... But then Cortes does not stand for the proposition that you had to have the bad act before the claim, right? I mean, you seem to be arguing that before. No, no, no, no. What I'm arguing is that Cortes stands for putting a tolling of the statute of limitations when that action, you have a pending action when the bad act occurs. And so the court says, hey, this bad act may very well be occurring because of that pending action, and what we're doing is saying we're staying the statute of limitations because let's be honest, if there's no judgment ever entered in favor of the plaintiff in that case, then there's no going forward at all. But what we're looking at is a bad act directed at this particular plaintiff. We're saying, hey, this matter is pending. The fraudulent transfer is made for that exact purpose, for avoiding that particular claim. In our case, it's very different. And this is why in our case, the statute should commence at the time that the transfer itself was made. And frankly, the only exception to this, obviously there's additional tolling if the knowledge of the creditor, if the creditor didn't have any knowledge of the transfer. And that's specifically laid out in 3439. But in terms of what we're looking at here, we're looking at a court that looks back and says, oh, where's some exception? And the only exception that can be seen is when there was a pending action at the time of the transfer. Now, I'm not suggesting that a California court couldn't look at it anew. I'm not suggesting that a legislator couldn't look at it anew. Mr. Dunson, what you're suggesting, a lot of commentators, legal scholars, and judges, justices in other states other than California have followed your argument. The law in Arizona has a statute that looks very similar, but the courts have come out with a different conclusion. Here, even if the decision that the California courts have come to is there's some tortured reasoning and some scholars have said otherwise, aren't we bound still to follow the California decisions? We are absolutely bound. And I'm not suggesting otherwise, Your Honor. And maybe this is where I'm falling short in my discussion here. And I am looking at my time, and I'd like to still reserve at least the full three minutes. But my point is this. The California authorities speak only to a tolling of the statute when there is a pending action. Nothing more. Nothing more. The courts in the other states, I think, what they're saying is regardless of a judgment, regardless of a pending action, we're commencing the statute on X date. I'm not suggesting if DCA and my, if DCA had sued my client prior to the transfer, and then the transfer being made, I wouldn't be here making this argument. That's not what I'm saying. I'm not saying the California court is wrong. What I'm saying is the California court does not support the facts here. If I may, I'd like to reserve the remainder of my time, Your Honor. That's fine. Thank you very much. Okay, Mr. Coy. Thank you, Your Honors. May it please the Court? My name is Ryan Coy. I represent Diane C. Wild, the Chapter 7 trustee and the appellee in this matter. There's several reasons of why the appeal in this matter is meritless and why the bankruptcy court should be affirmed. I'll address the Cortez case and some of the arguments that opposing counsel made and some of the court's comments regarding that case. But it's important to really take a step back and look at the other reasons for why tolling is appropriate. Opposing counsel in the briefs and during their argument kind of makes it focus on this obligation with incurred language under the California statute as well as tries to make an argument that the Cortez case is distinguishable from the facts of this case. Really, I believe that the facts of this case show why Cortez specifically would apply. And setting that aside, there are multiple other reasons for why the court found tolling was appropriate in this case and that have not been addressed in the briefs or in the opposing counsel's argument. The first reason for tolling, which was in the court's findings of fact and conclusions of law, was that the court found a basis for tolling based on DCA's knowledge, which occurred less than four years before the petition date and was specifically on February 2, 2015, which is approximately three and a half years before the petition date. That's actual knowledge, right? That's when the creditor DCA, which again has been the focus primarily of the actual What I'm driving at is the transfer was recorded, right? So there was public notice, inquiry notice that the transfer had occurred even if it didn't get to DCA's attention. There was, Your Honor, but in, so let me take actually another step back to really kind of get to some of the arguments that opposing counsel made. When we really look at the interaction between DCA and the debtor, it really kind of shows why Cortez would apply under the facts of this case. In August of 2010 is when the debtor and DCA entered into a contract for DCA to drill a well on the debtor's property. Ultimately, the DCA was not able to find a water source and drilling had ceased and then there was a dispute that kind of arose between the parties. The debtor had paid money to DCA to drill a well. DCA wasn't able to find a water source but had still performed services and so the debtor ultimately had sent a letter to DCA indicating that it intended to bring suit for a breach of contract or essentially would bring suit if the money wasn't returned. Within two years after DCA, or after the debtor had sent this letter threatening DCA, the property was transferred from the debtor to Pyramid Center, the defendant, the appellant in this matter. You mean two years after? Two years after the letter threatening lawsuit. Less than two years after the transfer was made, the debtor, not DCA, initiated the lawsuit against DCA. DCA up until this point didn't have a reason to bring a lawsuit. They had received money based on their contract. They didn't have a reason to allege that there was a breach of contract. One of the parts that I would counter to opposing counsel's arguments, he says that DCA wasn't a creditor at the time the transfer was made. I would argue that DCA was a creditor at the time the transfer was made. They had a contingent unliquidated claim but there was a contract between the parties and that had existed before the transfer. The debtor knew that there was a contract. I think the key point of why Cortez applies to this matter, which is a distinguishable point but I think shows why it applies, is the fact that when you really look at a typical case where a creditor is suing a debtor for a debt owed something and then after that lawsuit is filed by the creditor against the debtor, the debtor transfers valuable property, transfers substantially all of its assets to another party. In this case, the debtor is the entity who filed the action against the soon-to-be creditor. It wasn't the other way around. The debtor could plan when it wanted to transfer a property, could plan when it wanted to file a lawsuit. Cortez doesn't say the property must be transferred during the pending case otherwise the statute of limitations doesn't apply. Cortez specifically says that the statute of limitations begins to run from the date the judgment becomes final. That's really what the holding is. One other quick point, which I think you'll agree with but I think Mr. Dunstan wouldn't. There's no requirement that this creditor claim have anything to do with the fraudulent transfer, right? No, there's not. As the Cortez case holds and as subsequent decisions on this point have made is really the reasoning behind that is one of to avoid cumulative litigation. The key point really that I think is that directly shows why Cortez is analogous to this case is that the underlying lawsuit that is until the judgment becomes final, the key is that the underlying lawsuit is what establishes the creditor-debtor relationship. That's exactly the relationship between DCA and the debtor was that the underlying lawsuit between DCA and the debtor that was filed by the debtor against DCA alleged that DCA after a trial, DCA was found to be the prevailing party and was awarded attorney's fees and costs, but up until... But that was in code at the time of the lawsuit you're saying, right? They had a right. If they win, they had a right to attorney's fees. They would have had a right to attorney's fees under the contract. Right. So you're saying they're a creditor as of the moment of the inception of the lawsuit? Once they are forced to incur attorney's fees, I think that there's an argument that they then have a contingent claim that's dependent upon ultimately the result of the lawsuit. But the opposing counsel's argument and what the appellant in this argument is really asking is that DCA should have filed a lawsuit as soon as the debtor sued DCA, they should have filed the lawsuit to avoid the fraudulent transfer. And because they didn't file a lawsuit immediately when they received possible notice that they could have had a claim at the back end if they were ultimately a prevailing party, then the transfer can't be avoidable. But that's not what Cortez and subsequent decisions state, which is that... Okay, Cortez gives its holding in a couple different places in the opinion. You go through and read it, and there are sections of it, or at least one section, where it describes the facts and then gives its holding. And it does talk about where a lawsuit is pending and the judgments later. And it does use that pending loss, that language. That's in Cortez. But then I find other places in Cortez where it gives its holding and it doesn't have that other clause about pending. So both counsel, both sides could quote a section out of Cortez, one saying the court says you win if there was a lawsuit pending. And then another section says you win if you get a judgment within that period of time, without the quotation of the pending. If Cortez is a little bit unclear about which one of those, you know, counsel answer that. I mean, how do you... Well, that's... And it really gets to the point that I was making earlier, which is that the facts of this case are somewhat unique to the extent that the debtor was the party that was filing the lawsuit against the creditor, not the other way around. In Cortez and in other cases that have cited Cortez and relied upon Cortez, it's the creditor suing the debtor. And so after the law... And it's really kind of the notice of who has notice of the lawsuit. When a creditor sues the debtor, it's unlikely that the debtor knew that the creditor was anticipating filing a lawsuit. And so they had no reason to transfer substantially all of its assets out of the estate before a lawsuit is filed, and the debtor is on notice that there's a claim being asserted against me, and so I should get rid of all of my assets so that way I don't have, you know, a judgment ultimately entered that can be collected upon. Here, it was the debtor who had said that they were going to file a lawsuit, transferred substantially all of its assets, the real property that's the subject of this litigation, transferred substantially all of its assets, then less than two years after it transferred all of its assets, after it was essentially judgment-proof and had had no assets at that point, decided to initiate a lawsuit against DCA, and at that point, DCA, you know, at that point, the debtor already had noticed that it was intending to file a lawsuit or it could plan when it wanted to file a lawsuit. I want to, you know, and so there's been this focus about DCA, but there's a big reason of why Cortez really applies, and the holding of Cortez, there's, you know, there's been a lot made about that has to be, the transfer has to be made during a pending lawsuit, but that's really not what Cortez says. It's really that if what establishes the creditor-debtor relationship is the judgment, it's the date the judgment becomes final. Here, ultimately, the judgment became final, and there was a judgment entered in DCA's favor against the debtor in May of 2018, and approximately one filed the bankruptcy petition in this case, and in the part that the other parts, in addition to DCA's knowledge being less than four years before the petition date, which I believe would also cut against opposing counsel's argument and the appeal ultimately in this matter, is also considering the fact that the court had recognized that there were other creditors of who the trustee could stand in the shoes of and could essentially apply those claims from. One of the debtor, there was evidence taken on the record that was in the court's findings of fact and conclusions of law, where another basis for tolling would have been that other creditors' claims did not arise until less than four years before the petition date. The debtor had hired multiple law firms. One of them had helped to initiate the lawsuit against DCA, but they were hired within four years of the petition date, and their billing records, as the court had found in during the trial, or had taken into evidence, was during July and August of 2014, and so it was after four years before the petition date, and so to say that creditors of the debtor would have had to file a lawsuit against the creditor before they ever had knowledge of the transfer itself, I mean, yes, it was recorded, but it goes against logic, and frankly, despite opposing counsel's argument to the contrary, it would really be a significant change in the law if the court was to upheld what opposing counsel's arguing, because ultimately it would forego creditors, it would start the clock from running, it would basically prevent all tolling from creditors if they were then, you know, basically if their creditor status was established after the transfer was made. And as Your Honor had pointed out during opposing counsel's opening argument, the statute clearly applies to present and future creditors, and to say that a future creditor, essentially opposing counsel's argument is that a future creditor now no longer has rights, and that a future creditor just plans just well enough and transfers a property just outside, you know, four years and then files a lawsuit, there's no way that they can come after that, you know, that transfer, just — But you can't use the future creditor language to just overlook or override the statute of limitations language, right? I mean, you've got to find a way to make the two balance. Well, and I think the key — and I understand, Your Honor, your point, Your Honor, and I think that — and again, as I started with my argument, I do think that DCA arguably was a creditor at the time the transfer was made because of the contract being in existence, and there already have been a threatened letter that lawsuit was going to be coming before the transfer was made. Right. And, you know, and I think in the last — And I think that, you know, ultimately, the timing of when the lawsuit by the debtor against DCA was filed, I think, is also important because that was also within four years of the petition date. That was in September of 2014. And up until that point, DCA had no reason to, you know, exercise its rights or to think that its rights had been infringed upon. And that's some of what the language in Cortez and some of the other cases also state, is that really until the creditor has reason to know that its rights have been infringed upon or that they are — or that they have been essentially injured or that their rights have been invaded upon by the debtor, they have no reason to, you know, to filing lawsuits when there's nothing pending and there's no apparent dispute over what the issue is. And in this circumstance, I think that the key point is that while there's been a big focus about that the transfer has to be made during a pending lawsuit, that context is important to understand that in those cases in Cortez and the other cases that the creditor — it's when the creditor is suing the debtor, not the other way around. And I think that that's the point that's ignored by the other side and is not really addressed as far as why Cortez is directly applicable to the facts of this case. Just a few more points. Well, you've got about three seconds left. Oh, well, then I guess I'll — I will take it there. Thank you, Your Honor. I appreciate it. Thank you. All right, Mr. Dunstan, you've got three minutes and two seconds. So please go ahead. Yeah, thank you, Your Honors. I really need to get back to Cortez, I think, although there's some other issues I'd like to try to bring up. But the Cortez issue is clear. The panel has talked about whether or not, you know, whether that Cortez was a little unclear and whether it really was referencing that a lawsuit had to be filed before or whether it was accepting of the idea that a lawsuit could be commenced afterwards. What I would say to that, Your Honors, is if the court said it could be commenced afterwards, I would say that that's dicta. I mean, what we're looking at here is the facts of that particular case. But what I'd really like to look at is the case, the primary case that Cortez relied upon. It relied upon Adams, which also was a case where the lawsuit had been commenced before. And I think that this is extremely important. And what I really want to point out is I think the language of 3439 saying that you could have a future creditor is exactly why there's a problem here. Those older cases said, hey, you have to be a creditor, so let's toll it. That's no longer the case. Mr. Fourney may be correct to say, oh, it's unfair or, you know, there's no reason to bring the lawsuit. Well, that's why you have a statute of limitations. I do get that. I see the trustee's argument on that point, the kind of fairness with regard to that. However, the statute is extremely clear, and Cortez does not get into those issues. I also need, it's important for me to, let's see, Mr. It is, it's an important distinction, and I think I footnoted it in the brief, which is that this action was commenced by DCA. I mean, by, I apologize, by the debtor. The reason that's important is this is, this actually even separates it from Cortez even further, which is it's not the type of a lawsuit that we're talking about waiting for a judgment for. You know, those are when there's the liability that this plaintiff is going after, the person harmed by the transfer. That's not the case here. I understand that at the end of the day, there was a judgment, but that's really not, there could be some other issue. There could be a contract dispute. There could be something not in litigation. I think the action cuts the other way, because as I look at the facts, it looks like when the debtor sued, DCA was basically satisfied with the status quo. It wasn't suing for any money. It wasn't until the case was over and DCA was awarded money that DCA had any reason to want to change the status quo. So doesn't that make it even more appropriate to allow DCA more latitude to file suit? It doesn't, and let me address, I only have two more seconds, but the reality is that's as though, that's like a claim, like somebody either tripping on the debtor's property or something bad happening after the statute has already expired. I think that's an important distinction in this case, and I think it's important, and I know I'm a little over my time, but DCA admits through its brief that it was not a creditor until after the statute of limitations had expired. I thank your honors very much. Okay, thank you. Thank you both for very good arguments and an interesting case. The matter is submitted, and we'll provide a written decision in due course. Thank you. Thank you again.
judges: FARRIS, LAFFERTY, CORBIT